IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00452-RJC
(3:11-cr-00309-RJC-1)

| | |
|---|---|
| BRYAN COATS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255, (Doc. No. 1), Respondent's Motion to Dismiss (Doc. No. 3), and Petitioner's Response in Opposition to the Motion to Dismiss. (Doc. No. 5). For the reasons that follow, Petitioner's Motion to Vacate will be dismissed.

I.  BACKGROUND

On May 15, 2012, Petitioner was charged in a superseding bill of information with one count of investment fraud conspiracy, in violation of 18 U.S.C. § 371 (Count 1), and one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count 2). (3:11-cr-00309, Doc. No. 11). Petitioner entered into a written plea agreement Respondent which provided that he would plead guilty to both counts. (Id., Doc. No. 12).[1] Following a thorough Rule 11 colloquy, Petitioner's guilty pleas were accepted after the magistrate judge found that they knowing and voluntary. (Id., Doc. No. 14).

---

[1] After he entered into the plea agreement, Petitioner filed a written waiver of his right to be charged by bill of indictment. (Id., Doc. No. 13).

1

On November 16, 2012, Petitioner appeared for his sentencing hearing. At the outset, the Court confirmed that Petitioner's guilty plea was knowing and voluntary and the parties stipulated that there was a factual basis to support the guilty plea and it was therefore accepted. The Court found Petitioner had a total offense level of 37 and a criminal history category of I which yielded a Guidelines range of 210-262 months in prison.[2] After hearing from the parties and considering the § 3553(a) sentencing factors, the Court imposed a term of 60 months on Count 1 and a consecutive term of 120 months on Count 2. (Id., Doc. No. 26). Petitioner did not appeal.[3]

In this collateral proceeding, Petitioner moves to vacate his conviction and sentence on Count 2, basing his argument on case law that he discovered long after his judgment became final. It is Petitioner's contention that his attorney was ineffective in not bringing this authority to his attention and presenting it in defense of the money laundering conspiracy charged in Count 2. (3:16-cv-00452, Doc. No. 1: Motion to Vacate at 1-2). Respondent has filed a motion to dismiss the Motion to Vacate as untimely filed. (Id., Doc. No. 3).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

---

[2] The statutory maximum term for conviction on Count 1 is not more than 5 years and the statutory maximum for conviction on Count 2 is no more than 10 years. Because the Guidelines range exceeded the statutory maximum, the 60-month term authorized for Count 1 is to be served consecutively to the ten year term in Count 2 in order to produce a total sentence of 180-months. See U.S. Sentencing Guidelines Manual § 5G1.2(d)(2010).
[3] On August 20, 2013, the Court entered an amended judgment that included the restitution award, and 102-month sentence on Count 2 which was based on the order granting the Government's motion to reduce Petitioner's sentence based on substantial assistance. (Id., Doc. No. 35).

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in pertinent part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's judgment was entered on January 14, 2013, and became final fourteen days later on Monday 28, 2013, which was the last day for Petitioner to file a timely appeal. Petitioner contends that his § 2255 motion is timely under § 2255(f)(4) because in September 2015, he first learned from a fellow inmate about the Supreme Court's opinion in United States v. Santos, 553 U.S. 507 (2008), in which the Court amended the substantive law governing money laundering. (Motion to Vacate at 7). In other words, Santos and the other authority upon which Petitioner relies represent "facts" that are relevant to his case and the issue of whether his motion to vacate is

timely. Petitioner relies on one case in particular, United States v. Simmons, 737 F.3d 319 (4th Cir. 2013), that involved one of Petitioner's co-conspirators, to support his claim for timeliness.

As noted, Petitioner's plea for timeliness under § 2255(f)(4) relies on case law that he contends are "facts" that are clearly relevant to his case; "facts" of which he was wholly unaware until September 2015. This contention is without merit. As the Fourth Circuit held in Whiteside v. United States, "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." 775 F.3d 180, 184 (4th Cir. 2014) (en banc), cert. denied, 135 S. Ct. 2890 (2015). See e.g., Whiteside, supra, at 183 (collecting circuit cases holding same).

IV.     CONCLUSION

Based on the foregoing, the Court finds that Petitioner has failed state a claim for relief and the Motion to Vacate will be dismissed.

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Dismiss is **GRANTED**. (Doc. No. 3).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate is **DENIED and DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the

4

dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this case.

**SO ORDERED**.

Signed: November 15, 2016

Robert J. Conrad, Jr.
United States District Judge